## Case No. 12,942.

### In re SLEVIN.

[4 Dill. 131.] [1]

Circuit Court, E. D. Missouri. 1877.

BANKRUPTCY—COMMISSIONS TO ASSIGNEE.

Certain real estate of the bankrupt had been mortgaged by him prior to the bankruptcy, with a power of sale in a trustee: the district court ordered that the trustee sell the property and that the assignee join in the sale: the property was sold to the mortgagee and the amount of the bid was credited on his debt: no money was received or paid out by the assignee: *Held*, under the Revised Statutes, sec. 5100, that the assignee was not entitled to commissions on the amount for which the property was sold.

[In review of the action of the district court of the United States for the Eastern district of Missouri.]

The district court allowed Mr. Player, the assignee in bankruptcy of Mr. Slevin, $169.09 commissions on a sale of real estate, and ordered that the same be paid by Mr. Scudder, a mortgage creditor of the bankrupt. [Case unreported.] It is to reverse this order that the present petition for review was brought by Scudder.

The facts were these: Mr. Scudder held certain notes made by Mr. Slevin, secured by a deed of trust on real estate. Before the notes became due Slevin was thrown into bankruptcy, and when they became due and were not paid, an order of the court was prayed that the trustee should sell the property and that the assignee should join in the sale. The order was made and the property was sold, but did not

sell for enough to satisfy the deed of trust. The register, however, allowed the assignee $169.09 for commissions, which was approved by the district court. It is this allowance which is sought to be set aside by means of the bill of review. For Mr. Scudder, it was contended that neither Slevin nor the assignee had any interest in the real estate except for any excess there might be above the amount of the deed of trust, and that as there was no such excess, and as the property had never come into possession of the assignee, there was nothing for him to have commissions on. For the assignee, it was contended, on the other hand, that as the assignee was ordered to join in the sale, the whole proceeds passed as much through his hands as through the hands of the trustee. The bankrupt act (Rev. St. § 5100), provides that "the assignee shall be entitled to an allowance for his services on all moneys received and paid out by him,"—a specified commission.

Mr. Normile, for Mr. Scudder.

Mr. Myers, for the assignee.

MILLER, Circuit Justice, in rendering his judgment, observed that he was compelled to differ with the district court. The assignee was not, under the circumstances, entitled to commissions. He was allowed a reasonable sum for what he actually did in signing the deed. Of this no complaint is made. But the assignee claims also a commission on the amount bid at the sale by the mortgagee. To this he is not entitled. All that the assignee did was to sign his name to the deed of sale, for which service he had been already paid. The trustee had made the sale, and the only claim the assignee could have under the law (Rev. St. § 5100) was for money actually received and paid out; and he had neither received nor paid out a dollar. It was claimed that, constructively, the whole amount had passed through his hands, but the fact was that no money had passed at all, as the creditor had bought in the property, which was credited on his debt. The bill of review must, therefore, be sustained, and the order of the district court reversed and set aside. Reversed.